IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **PETER K. MUKURIA,** | ) |
| Plaintiff, | ) Case No. 7:15CV00451 |
| v. | ) **OPINION** |
| **INSTITUTION HEARING OFFICER LARRY MULLINS, ET AL.,** | ) By: James P. Jones<br>) United States District Judge |
| Defendants. | ) |

*Peter K. Mukuria, Pro Se Plaintiff.*

Plaintiff Peter K. Mukuria, a Virginia inmate proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983, alleging that prison officials denied him due process by conducting untimely disciplinary proceedings and by unlawfully punishing him for the resulting disciplinary conviction. Upon review of his allegations, I find that the lawsuit must be summarily dismissed.

I.

The relevant facts are as follows. While Mukuria was incarcerated at Sussex I State Prison, he was charged under Virginia Department of Corrections ("VDOC") Operating Procedures with a Level 100 disciplinary infraction for killing or attempting to kill a person on November 15, 2012. The evidence adduced at the hearing indicated that as Officer M. Harris was trying to resolve a

situation between Mukuria and another inmate, Mukuria stabbed Harris in the upper chest, inflicting an injury so severe that it required immediate emergency surgery. After the attack, security staff found in Mukuria's possession a sharpened piece of metal approximately seven inches long. Mukuria was criminally charged in relation to this incident. As a result, the prison disciplinary proceedings were continued, pending the completion of the criminal proceedings.

In the meantime, officials transferred Mukuria to Red Onion State Prison. Mukuria states that under applicable VDOC regulations, a continued disciplinary proceeding must be conducted within five days after a continuance is no longer justified. The criminal proceedings against Mukuria concluded on May 21, 2014.[1] At that point, Mukuria contends, the continuance of the disciplinary proceedings was no longer justified. Yet, Hearing Officer Mullins did not conduct the hearing on Mukuria's Level 100 charge until nearly a year later, on April 27, 2015. Mullins found Mukuria guilty and penalized him with the loss of all accumulated good conduct time, thirty days in disciplinary segregation, and an order to pay restitution.

Murkuria appealed, first to Warden Barksdale and then to Regional Administrator Gregory Holloway, both of whom upheld the conviction and

---

[1] Sussex County Circuit Court records available online indicate that Mukuria was convicted on a charge of aggravated malicious wounding and was sentenced on May 21, 2014, to forty years in prison, with twenty years suspended.

-2-

Case 7:15-cv-00451-JPJ-RSB   Document 10   Filed 11/10/15   Page 2 of 7   Pageid#: 56

penalty. In so doing, they rejected Mukuria's argument that the charge should have been dismissed on procedural grounds, due to the delay of the hearing. Holloway stated: "VA DOC <u>does not expect</u> the hearing officer to keep constant watch on pending court proceedings of every single offender housed within their jurisdiction." (Compl. 5, ECF No. 1.)

Mukuria filed this § 1983 action in August 2015, suing Mullins, Barksdale, and Holloway, for violating his due process rights and imposing cruel and unusual punishment, in violation of the Eighth Amendment. As relief, Mukuria seeks monetary damages and restoration of his good conduct time.

## II.

The court must dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines that the action or claim is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To state a claim under § 1983, the plaintiff must allege facts showing that a person acting under color of state law undertook conduct that violated the plaintiff's constitutional rights. *See Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013).

It is well established that prison disciplinary proceedings which implicate a protected liberty interest, such as accumulated good conduct time, generally trigger federal due process protections, which Mukuria claims he did not receive. *See*

*Wolff v. McDonnell*, 418 U.S. 539, 557-58 (1974). Mukuria cannot proceed, however, with his § 1983 claims for damages or injunctive relief related to his disciplinary conviction while that conviction stands in effect.

A state prisoner's claim for damages related to his criminal conviction is not cognizable under § 1983 where success of the action would implicitly question the validity of plaintiff's criminal conviction or the duration of his confinement, unless plaintiff can demonstrate that the conviction or sentence has been previously invalidated. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). The holding in *Heck* also extends to a prisoner's claim for damages related to the loss of earned good time credits as a result of prison disciplinary proceedings. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (holding that a § 1983 claim for declaratory relief and money damages was barred, where the "principal procedural defect complained of" (a deceitful and biased decision maker) "would, if established, necessarily imply the invalidity of the deprivation of his good-time credits"). In short, under *Heck* and its progeny,

> a state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

The success of Mukuria's claims that defendants' actions deprived him of due process protections during the disciplinary proceedings would necessarily imply the invalidity of the resulting disciplinary conviction and penalties. Therefore, *Heck*'s favorable termination requirement applies here. Mukuria provides no facts demonstrating that his institutional conviction has been invalidated or overturned through administrative proceedings or state or federal habeas corpus proceedings. Absent such evidence, Mukuria's § 1983 due process claims for monetary damages or injunctive relief are barred under *Heck*, *Balisok*, and *Wilkinson* and may be summarily dismissed under § 1915A(b)(1).[2] *See, e.g., Ballenger v. Owens*, 352 F.3d 842 (4th Cir. 2003) (affirming summarily dismissal under § 1915A(b)(1) of claims for monetary damages barred under *Heck*); *Harris v. Martin*, No. CIV.A. 1:14-15925, 2015 WL 66513 (S.D.W. Va. Jan. 5, 2015) (summarily dismissing wrongful disciplinary conviction claim under *Balisok* and § 1915A(b)(1)).

Furthermore, some of Murkuria's claims are simply not actionable under § 1983. While state regulations may require more stringent procedural protections

---

[2] Mukuria also has no double jeopardy claim related to his disciplinary conviction and penalty in this case. "It has long been accepted that disciplinary changes in prison conditions do not preclude criminal punishment for the same conduct." *United States v. Moss*, 445 F. App'x 632, 634-35 (4th Cir. 2011) (unpublished) (citing *Patterson v. United States*, 183 F.2d 327, 328 (4th Cir. 1950) (per curiam) (finding no double jeopardy implication when inmates had accumulated good conduct time revoked and received additional criminal sentence for same conduct)).

than those that are constitutionally mandated, "a state's failure to abide by its own law as to procedural protections is not a federal due process issue." *Brown v. Angelone*, 938 F. Supp. 340, 344 (W.D. Va. 1996) (citing *Riccio v. Cty. of Fairfax*, 907 F.2d 1459, 1469 (4th Cir. 1990)). Therefore, Mukuria has no cognizable § 1983 claim against the defendants for any alleged violations of VDOC procedural regulations.[3] And to the extent that Mukuria is seeking the expungement of the disciplinary conviction and return of his lost good conduct time, such relief is simply unavailable in a § 1983 action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release).[4]

---

[3] Mukuria also asserts that as a result of the disciplinary conviction, he was transferred and segregated. He does not allege, however, that any of the defendants in this case ordered his transfer or his segregated confinement. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

[4] While I could liberally construe Mukuria's current submission as a petition for a writ of habeas corpus under § 2254, *see Hamlin v. Warren*, 664 F.2d 29, 30 (4th Cir. 1981), I decline to do so. It appears that Mukuria has an available habeas corpus remedy, to be filed in the Supreme Court of Virginia or in the appropriate circuit court, by which he could seek restoration of the accumulated good conduct time he lost as a result of the disciplinary proceedings. *See* Va. Code Ann. § 8.01-654(A)(1). However, I find no indication that Mukuria presented his current claims to any state court. Therefore, he has not exhausted his state court remedies as required under § 2254(b). *See Slayton v. Smith*, 404 U.S. 53, 54 (1971) (holding that if § 2254 petitioner has not presented his habeas claims to the appropriate state court, federal court should dismiss his petition without prejudice to allow state court exhaustion).

III.

For the stated reasons, I will dismiss the entire complaint without prejudice under § 1915A(b)(1). A separate Final Order will be entered herewith.

DATED: November 10, 2015

/s/ James P. Jones
United States District Judge